# Wagner's Appeal.

A. held the equitable title to a tract of land.   B. held two judgments against A., constituting respectively the first and third liens on said tract. An intervening judgment against A. was held by A.'s wife.   B., not knowing in whom the title to the tract was vested, but supposing it to be in A.'s wife, proposed to A. that a mortgage of the tract should be given to him by A. and his wife, equal in amount to the two judgments held by him, and undertook thereupon to satisfy the first of said judgments and to assign the other to A.'s wife.   The proposal was accepted by A. and carried into effect, A.'s wife saying nothing as to the true ownership of the tract.   The tract, being subsequently sold under the mortgage, was bought in by A.'s wife for an amount less than the amount of her judgment.   In distributing the proceeds of said sale, the court held that B. was deceived as to the title of the tract, and that A.'s wife should not have remained silent in relation thereto.   The satisfaction of B.'s first judgment was accordingly stricken off, and a portion of the fund awarded to B on account thereof, as a first lien upon the tract.   On appeal from this decree, by A.'s wife:  *Held*, that the same was erroneous.   There being no evidence that A.'s wife knew by what motives B. was prompted in making the arrangement in question, it was not her duty to disclose to him the true ownership of the tract.   Besides *non constat* that she would have purchased the tract at the sale had she known she was not entitled to have her bid applied upon her judgment as a first lien.   *Held*, therefore, that she was entitled to have it so applied.

May 9th 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Perry county :* Of May Term 1881, No. 41.

Appeal of David Wagner and Isabella his wife, in right of said wife, from a decree distributing the proceeds of a sheriff's sale of the real estate of said David Wagner.   The sale was under a judgment obtained upon a mortgage of said real estate held by one Charles Troutman.  The proceeds of the sale were $710.

An auditor being appointed to distribute the fund, reported that the following judgments had been entered up against David Wagner prior to the date of the mortgage:

1st. Jacob Wagner's judgment, No. 96, Aug. T. 1875, for $330.   Assigned to Charles Troutman, and marked satisfied of record.

2nd. Isabella Wagner's judgment, No. 148, Jan'y T. 1877, for $723.64.

3d. Charles Troutman's judgment, No. 6, April T. 1877, for $230.47.   Assigned to Isabella Wagner.

Isabella Wagner's first judgment appearing to constitute the first valid lien upon the premises, the auditor awarded to her

the full proceeds of the sale. Charles Troutman filed exceptions to the auditor's report, and subsequently obtained a rule to show cause why the satisfaction of judgment No. 96, August T. 1875, should not be set aside. Depositions were taken, and after hearing, a decree was entered setting aside the satisfaction of said judgment, and annulling the assignment from Troutman to Isabella Wagner of the judgment No. 6, April T. 1877. The reasons for this action are fully set forth in the opinion of this court.

The exceptions to the auditor's report, afterwards coming up for argument, the court entered a decree that the proceeds of the sheriff's sale be first applied to judgment No. 96, August T. 1875, and then to judgment No. 148, January T. 1877, which would exhaust the fund.

Wagner and wife thereupon took this appeal, assigning for error the action of the court in striking off satisfaction of judgment No. 96, August T. 1875, and in annulling the assignment to Mrs. Wagner of judgment No. 6, April T. 1877, and also the decree of the court appropriating the proceeds of the sheriff's sale first to the first-named judgment.

*Chas. A. Barnett,* for the appellants.—Mrs. Wagner did not conceal the fact of her want of title, because she had no reason to suspect it was believed she had any. She did not induce Troutman to satisfy one judgment nor to assign the other, because she was not consulted by him in the matter. She only acquiesced in the contract made by Troutman in her absence: and his own willful mistake " in believing that she owned the Cummins property in her own right was the efficient cause of doing what he did." She was therefore, not guilty of even negative fraud: Carr *v.* Wallace, 7 Watts 401. Silence only postpones when it is fraudulent: Beaupland *v.* McKeen, 4 Cas. 124; Robinson *v.* Justice, 2 P. & W. 19; Keeler *v.* Vantuyle, 6 Barr. 250. A person will not be relieved who has been deceived through silence, if he had full means of information of which he has failed to avail himself: Crest *v.* Jack, 3 Watts 240; Hepburn *v.* McDowell, 17 S. & R. 383; Commonwealth *v.* Moltz, 10 Barr 531.

*Sponsler* and *Potter,* for the appellee.—No writ of error has been taken in No. 96, Aug. T. 1875, to the action of the court, ordering satisfaction to be stricken off. This is an appeal merely from the decree distributing the proceeds of the sheriff's sale. The judgment already mentioned appearing at the time of the entering of that decree to constitute the first valid lien, the

[Wagner's Appeal.]

decree was right. The propriety of the court's action in striking off the satisfaction cannot in this proceeding be questioned.

Mr. Justice PAXSON delivered the opinion of the court, October 3d 1881.

Isabella Wagner, one of the appellants, was the purchaser, at the sheriff's sale of the real estate of her husband, the proceeds of which is the subject of the present contention. The price she paid was $710. At the time of the sale she held a judgment against her husband for the sum of $723.69. As the record stood, this judgment was the first lien on the real estate sold, and was sufficient to absorb the entire fund. The auditor awarded the fund to Mrs. Wagner's judgment, No. 148, Jan. T. 1877. The learned court upon exceptions reversed the auditor, and gave a portion of the fund to the holder of a subsequent mortgage not reached by the sale. In order to accomplish this, the court struck off the satisfaction of a judgment which before the sale had stood upon the record as a prior lien to Mrs. Wagner's judgment, but which at the time of the sale was satisfied of record. The court also declared null and void the assignment to Mrs. Wagner of the Charles Troutman judgment, No. 6, of April T. 1877, which judgment at the time of the sale was the second lien. The circumstances which induced this action of the court below are substantially as follows:

David Wagner (appellant) had an interest in what was known as the "Cummins property," which he held by virtue of articles of agreement and payment of the purchase-money, having no deed therefor. The liens against the property were: 1st. Jacob Wagner's judgment for $330, assigned to Charles Troutman. 2d. Isabella Wagner's judgment for $723.64. 3d. Charles Troutman's judgment for $230.47. It will be seen that Troutman was the holder of liens Nos. 1 and 3. It appears he was in doubt whether the title to the real estate was vested in Wagner or in his wife. Probably believing the title to be in Mrs. Wagner, in which case his judgments against her husband would not be liens, he agreed with the latter that if he and his wife would execute a mortgage to him, Troutman, for the amount of the two judgments he held against Wagner, with a little bonus added, as we gather from the statement of facts by the court, he, Troutman, would satisfy the first of the said judgments, and assign the other to Mrs. Wagner. This was done, and the record so stood at the time of the sheriff's sale. The mortgage so given, having proved to be worthless, i. e., not reached by the sale, the learned court rescinded the arrangement, upon the ground that Troutman was deceived in regard to the title. He believed it to have been in Mrs. Wagner,

whereas it was in her husband. There was no charge of fraud against Mrs. Wagner. She never claimed to hold the title, but the learned court was of opinion that Troutman was misled by her silence; that she might have spoken, but did not, and suffered Troutman to remain under the impression she was the owner, and by this means obtained the satisfaction of one judgment, and the transfer of another, which were valid liens against her husband's real estate, giving therefor a worthless mortgage.

We are not called upon to consider the cases cited as to the effect of silence when it is a duty to speak. They have no application. Mrs. Wagner was under no such duty, so far as this record shows. Troutman made no inquiry of her in regard to the title. We have nothing to show she ever knew he was under the belief she held the title. The transaction was between Troutman and her husband. The former got just what he bargained for, viz.: a mortgage which bound the property, whether the title was in the husband or the wife. He evidently thought the title was in the wife, in which case his two judgments against the husband were worthless. He may have thought he was making a thrifty bargain with Mrs. Wagner in exchanging his judgments for a mortgage, which, though a subsequent lien, bound, as he thought, the property. All that can be said about the matter is that in attempting to get an advantage over Mrs. Wagner, Troutman overreached himself. This would not entitle him to the extraordinary relief accorded him by the court below.

Aside from this, the money must be distributed to the liens as they stood at the time of the sheriff's sale. Mrs. Wagner bought the property upon the faith that her judgment was a first lien; *non constat*, that she would have purchased it at all had she known she was not entitled to have her bid applied upon her judgment.

The decree is reversed at the costs of the appellee and distribution ordered in accordance with this opinion.